## FLETCHER v. BRAGDON et al.

This was a habeas-corpus proceeding brought to obtain the custody of a child; and under the evidence submitted it does not appear that the trial judge abused his discretion in awarding the custody to the respondents.

No. 1751. SEPTEMBER 29, 1920.

Habeas corpus. Before Judge W. H. Long. City court of Quitman. October 21, 1919.

*Branch & Snow,* for plaintiff.

*E. K. Wilcox* and *Morris & Weston,* for defendants.

BECK, P. J. On the first day of July, 1919, G. S. Fletcher brought habeas-corpus proceedings against B. Bragdon and Mrs. B. Bragdon, to recover possession and custody of Mamie Lovett Fletcher, petitioner's daughter twelve years of age, alleged to be kept illegally in the custody of the respondents. The respondents filed their answer denying that the applicant was entitled to the custody of the child. They alleged that when the child was three years old the applicant deserted his wife, the mother of the child, and since that time the mother had had the custody of the child until her death, in May, 1919. Petitioner contended, that in 1911 the relations between himself and his wife became unbearable to him; that his wife was a woman of ungovernable temper, and was exceedingly jealous of his devotion to his parents; that she attempted to take his life at one time; and that, despairing of his condition, he took the child involved in this

controversy and left for South Florida, keeping his whereabouts from the knowledge of his wife, and attempted to re-establish himself south of Miami. He also contended that his wife, learning of his whereabouts, with her father and other relatives took the child from him by force and violence. In the meantime divorce proceedings had been instituted in Quincy, Florida by Mr. Fletcher against his wife. In this suit many acts of violence and cruelty on her part were charged. He was granted a divorce, but the child was awarded to the mother, and $300 a year alimony was decreed in favor of the mother against the father. Fletcher did not pay the alimony, and he states that he refused to pay because he was advised by his lawyer that an effort to collect it would probably reopen the question of the custody of the child. In the year 1913, after the divorce, Mrs. Fletcher married one Allen, and moved with him to the State of Oregon, taking with her the little girl, then about three and a half years old. Fletcher also stated in his testimony that as soon as he learned of the death of Mrs. Allen, formerly Mrs. Fletcher, he left immediately for Oregon to get his child, but was informed while ·in Oregon that his child had been brought to Quitman, Georgia, by Mrs. Bragdon, one of the defendants, being a sister of the child's mother. There was evidence showing the financial standing of Fletcher and his character generally. At the conclusion of the trial the habeas-corpus court rendered judgment awarding the custody of the child to the respondents.

Under the evidence in this case, considered in its entirety, it is not made to appear that there was any abuse of discretion on the part of the trial court in awarding the custody of the child to the respondents. In his judgment the court expressly found that the applicant was a man of fit character to have the custody and the rearing and caring for the child, but he was also authorized under the evidence to find, that, considering the welfare and happiness of the child, she should be left in the custody of the respondents, one of whom, Mrs. Bragdon, was the sister of the child's mother and the one to whom the mother had expressed a wish in her lifetime that the child should be given in the event of her death. The judge expressly found that on the part of the child there was a feeling toward the father that would have made her life miserable if she had been given

into his custody. He had been divorced from the mother a number of years; had done practically nothing for the child during the intervening years; and there are many other facts and circumstances in the case which are taken into consideration, but which it is unnecessary here to set out, as a lengthy discussion of the facts could not in any way be profitable.

*Judgment affirmed. All the Justices concur, except Gilbert, J., dissenting.*